IRELL & MANELLA LLP
David I. Gindler (117824)
dgindler@irell.com
Joseph M. Lipner (155735)
jlipner@irell.com
Lucy M. Stark (254603)
lstark@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:    (310) 203-7199

Attorneys for Defendants
City of Hope, City of Hope National
Medical Center, Beckman Research
Institute of the City of Hope

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERTO CREA,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF HOPE, a California corporation; CITY OF HOPE NATIONAL MEDICAL CENTER, a California corporation; BECKMAN RESEARCH INSTITUTE OF THE CITY OF HOPE, a California corporation; and DOES 1 through 20,<br><br>        Defendants. | Case No. CV 08-06464 GW (AGRx)<br><br>STIPULATED PROTECTIVE ORDER<br><br><br>Judge:         Hon. George H. Wu<br>Complaint Filed:  August 12, 2008 |

1976209

1.     <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

    2.1.   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2.   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3.   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

    2.4.   <u>"Highly Confidential—Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be

1  avoided by less restrictive means.

2      2.5.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery
3  Material from a Producing Party.

4      2.6.  <u>Producing Party</u>:  a Party or non-party that produces Disclosure or
5  Discovery Material in this action.

6      2.7.  <u>Designating Party</u>:  a Party or non-party that designates information or
7  items that it produces in disclosures or in responses to discovery as "Confidential"
8  or "Highly Confidential—Attorneys' Eyes Only."

9      2.8.  <u>Protected Material</u>:  any Disclosure or Discovery Material that is
10  designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

11      2.9.  <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who
12  are retained to represent or advise a Party in this action.

13      2.10.  <u>House Counsel</u>:  attorneys who are employees of a Party.

14      2.11.  <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as
15  well as their support staffs).

16      2.12.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter
17  pertinent to the litigation who has been retained by a Party or its counsel to serve as
18  an expert witness or as a consultant in this action and who is not a past or a current
19  employee of a Party or of a competitor of a Party's and who, at the time of retention,
20  is not anticipated to become an employee of a Party or a competitor of a Party's.
21  This definition includes a professional jury or trial consultant retained in connection
22  with this litigation.

23      2.13.  <u>Professional Vendors</u>:  persons or entities that provide litigation
24  support services (e.g., photocopying; videotaping; translating; preparing exhibits or
25  demonstrations; organizing, storing, retrieving data in any form or medium; etc.)
26  and their employees and subcontractors.

27

28

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel in other settings that might reveal Protected Material.  Protected Material used at trial will become public absent a separate court order upon written motion and sufficient cause shown.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS'

- 3 -

EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and then, before producing the specified documents, affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b)    for testimony given in deposition, any Party or non-party (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or (ii) within 30 days after receipt of transcript, identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

1   ATTORNEYS' EYES ONLY").

2          Transcript pages containing Protected Material must be separately bound by

3   the court reporter, who must affix to the top of each such page the legend

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

5   ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or

6   presenting the testimony.

7                 (c)     for information produced in some form other than documentary,

8   and for any other tangible items, that the Producing Party affix in a prominent place

9   on the exterior of the container or containers in which the information or item is

10  stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

11  ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant

12  protection, the Producing Party, to the extent practicable, shall identify the protected

13  portions, specifying whether they qualify as "Confidential" or as "Highly

14  Confidential—Attorneys' Eyes Only."

15         5.3.   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

16  failure to designate qualified information or items as "Confidential" or "Highly

17  Confidential—Attorneys' Eyes Only" does not, standing alone, waive the

18  Designating Party's right to secure protection under this Order for such material.  If

19  material is appropriately designated as "Confidential" or "Highly Confidential—

20  Attorneys' Eyes Only" after the material was initially produced, the Receiving

21  Party, on timely notification of the designation, must make reasonable efforts to

22  assure that the material is treated in accordance with the provisions of this Order.

23         5.4.   Inadvertent Production of Privileged Attorney Work Product or

24  Information.  Inadvertent production of privileged attorney work product or

25  information shall not be deemed a waiver of any attorney-client privilege or attorney

26  work-product immunity that may apply thereto if:  (a) a request for return of such

27  documents or information is made promptly after the Producing Party learns of its

28  inadvertent production; and (b) the Producing Party took reasonable precautions to

1 prevent the disclosure of the inadvertently produced document. Upon written

2 request, the Receiving Party shall promptly return the inadvertently produced

3 material. If the Receiving Party disputes in court whether the inadvertently

4 produced document is privileged or that a privilege has been waived, the Receiving

5 Party shall not withhold return of the inadvertently produced material pending

6 resolution of that dispute. Notwithstanding the above, it is not the intent of this

7 paragraph to either extend or diminish the scope of any attorney-client privilege or

8 work-product immunity that may apply to the inadvertently produced material.

9 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1.    Timing of Challenges.  Unless a prompt challenge to a Designating

11 Party's confidentiality designation is necessary to avoid foreseeable substantial

12 unfairness, unnecessary economic burdens, or a later significant disruption or delay

13 of the litigation, a Party does not waive its right to challenge a confidentiality

14 designation by electing not to mount a challenge promptly after the original

15 designation is disclosed.

16      6.2.    Meet and Confer.  A Party that elects to initiate a challenge to a

17 Designating Party's confidentiality designation must do so in good faith and must

18 explain the basis for asserting that the confidentiality designation was not proper and

19 must give the Designating Party an opportunity to review the designated material, to

20 reconsider the circumstances, and, if no change in designation is offered, to explain

21 the basis for the chosen designation.  A challenging Party may proceed to the next

22 stage of the challenge process only if it has engaged in this meet-and-confer process

23 first.

24      6.3.    Judicial Intervention.  A Party that elects to press a challenge to a

25 confidentiality designation after considering the justification offered by the

26 Designating Party may file and serve a motion under Local Rule 37 (and in

27 compliance with Local Rule 79-5, if applicable) that identifies the challenged

28 material and sets forth in detail the basis for the challenge.  Each such motion must

1  be accompanied by a competent declaration that affirms that the movant has

2  complied with the meet-and-confer requirements imposed in the preceding

3  paragraph and that sets forth with specificity the justification for the confidentiality

4  designation that was given by the Designating Party in the meet-and-confer

5  dialogue.

6      The burden of persuasion in any such challenge proceeding shall be on the

7  Designating Party.  Until the court rules on the challenge, all parties shall continue

8  to afford the material in question the level of protection to which it is entitled under

9  the Producing Party's designation.

10  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1.   Basic Principles.  A Receiving Party may use Protected Material that is

12  disclosed or produced by another Party or by a non-party in connection with this

13  case only for prosecuting, defending, or attempting to settle this litigation.  Such

14  Protected Material may be disclosed only to the categories of persons and under the

15  conditions described in this Order.  When the litigation has been terminated, a

16  Receiving Party must comply with the provisions of section 11, below (FINAL

17  DISPOSITION).

18      Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons

20  authorized under this Order.

21      7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

22  otherwise ordered by the court or permitted in writing by the Designating Party, a

23  Receiving Party may disclose any information or item designated CONFIDENTIAL

24  only to:

25          (a)      the Receiving Party's Outside Counsel of record in this action, as

26  well as employees of said Counsel to whom it is reasonably necessary to disclose

27  the information for this litigation;

28          (b)      the officers, directors, and employees (including House Counsel)

of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author of the document, any person shown on the document as a recipient, or the original source of the information; and

(h)     persons identified by either party pursuant to Fed. R. Civ. P. 26(a)(1)(A) as potential witnesses, provided that Outside Counsel disclosing the information pursuant to this subparagraph believes in good faith that (i) such potential witness has specific information regarding the materials or events reflected in the material, (ii) that the materials would refresh the recollection of the potential witness regarding the materials or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination or interview of the potential witness.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only

1   to:

2      (a)   the Receiving Party's Outside Counsel of record in this action, as

3   well as employees of said Counsel to whom it is reasonably necessary to disclose

4   the information for this litigation;

5      (b)   Experts (as defined in this Order) (1) to whom disclosure is

6   reasonably necessary for this litigation and (2) who have signed the "Agreement to

7   Be Bound by Protective Order" (Exhibit A);

8      (c)   the Court and its personnel;

9      (d)   court reporters, their staffs, and professional vendors to whom

10   disclosure is reasonably necessary for this litigation;

11      (e)   the author of the document, any person shown on the document

12   as a recipient, or the original source of the information;

13      (f)   during their depositions, witnesses in the action to whom

14   disclosure is reasonably necessary.  Pages of transcribed deposition testimony or

15   exhibits to depositions that reveal Protected Material must be separately bound by

16   the court reporter and may not be disclosed to anyone except as permitted under this

17   Stipulated Protective Order; and

18      (g)   persons identified by either party pursuant to Fed. R. Civ. P.

19   26(a)(1)(A) as potential witnesses, provided that Outside Counsel disclosing the

20   information pursuant to this subparagraph believes in good faith that (i) such

21   potential witness has specific information regarding the materials or events reflected

22   in the material, (ii) that the materials would refresh the recollection of the potential

23   witness regarding the materials or events as to which the witness has specific

24   information, or (iii) disclosure is necessary for a full and complete examination or

25   interview of the potential witness.

26   8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

27      <u>IN OTHER LITIGATION</u>

28      If a Receiving Party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     <u>FILING PROTECTED MATERIAL</u>

      Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.

11.     <u>FINAL DISPOSITION</u>

      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.     <u>MISCELLANEOUS</u>

      12.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

1    12.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

2 Protective Order no Party waives any right it otherwise would have to object to

3 disclosing or producing any information or item on any ground not addressed in this

4 Stipulated Protective Order.  Similarly, no Party waives any right to object on any

5 ground to use in evidence of any of the material covered by this Protective Order.

6 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8 Dated:  December 19, 2008                    IRELL & MANELLA LLP
                                              David I. Gindler
9                                             Joseph M. Lipner
                                              Lucy M. Stark
10

11

12                                            By:_____/s/ Lucy M. Stark_____
                                                  Lucy M. Stark
13                                                Attorneys for Defendants
                                                  City of Hope, City of Hope National
14                                                Medical Center, Beckman Research
                                                  Institute of the City of Hope
15

16 Dated:  December 19, 2008                   CARR & FERRELL LLP
                                              Robert J. Yorio
17                                            Christine S. Watson

18                                            PETERS VERNY LLP
                                              Steven M. Colby
19

20

21                                            By:_____/s/ Christine S. Watson_____
                                                  Christine S. Watson
22                                                Attorneys for Plaintiff
                                                  Roberto Crea
23

24 PURSUANT TO STIPULATION, IT IS SO ORDERED.

25

26                                            _alicia_G._Rosenberg_

27 Dated:  December 19, 2008 _____    _____
                                                  Hon. Alicia G. Rosenberg
28                                                United States Magistrate Judge

1

**Signature Attestation**

2      I hereby attest that I have obtained the concurrence in the filing of this

3 document from all the signatories for whom a signature is indicated by a

4 "conformed" signature (/s/ name) within this e-filed document.

5

6 Dated:  December 19, 2008                    _/s/ Lucy M. Stark_

7                                                                    Lucy M. Stark

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **EXHIBIT A**

2

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of perjury

5  that I have read in its entirety and understand the Stipulated Protective Order that

6  was issued by the United States District Court for the Northern District of California

7  on [date] in the case of *Roberto Crea v. City of Hope*, *City of Hope National*

8  *Medical Center*, *Beckman Research Institute of the City of Hope*, Case No. CV 08-

9  06464 GW (AGRx).  I agree to comply with and to be bound by all the terms of this

10 Stipulated Protective Order and I understand and acknowledge that failure to so

11 comply could expose me to sanctions and punishment in the nature of contempt.  I

12 solemnly promise that I will not disclose in any manner any information or item that

13 is subject to this Stipulated Protective Order to any person or entity except in strict

14 compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16 for the Central District of California for the purpose of enforcing the terms of this

17 Stipulated Protective Order, even if such enforcement proceedings occur after

18 termination of this action.

19      I hereby appoint _____ [print or type full

20 name] of _____ [print or type full address

21 and telephone number] as my California agent for service of process in connection

22 with this action or any proceedings related to enforcement of this Stipulated

23 Protective Order.

24 Date: _____

25 City and State where sworn and signed: _____

26 Printed name: **_____**
                         [printed name]
27
   Signature: **_____**
28                        [signature]